UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-20426-CR-BECERRA

UNITED STATES OF AMERICA,

vs.

YORKEY BERNARDO DE LA CRUZ-FELIZ,
    a/k/a "Yorkey Bernardo de la Cruz-Felix"

    Defendant.
_____/



COURT EXHIBIT
23-20426-
CASE NO. CR-BECERRA
EXHIBIT NO. A

## STIPULATED FACTUAL PROFFER

Should this case have proceeded to trial, the United States would be able to prove the following beyond a reasonable doubt:

On or about October 22, 2023, a Maritime Patrol Aircraft ("MPA") detected a go-fast vessel (GFV) approximately 222 nautical miles Southwest of Santo Domingo, Dominican Republic. The GFV had three individuals on board, displayed no indicia of nationality, and was travelling in a known drug trafficking area. The USS FARRAGUT, which was in the area, was diverted to interdict and investigate. The United States Coast Guard assumed tactical control of the FARRAGUT. FARRAGUT launched their rigid hull inflatable boat and helicopter to approach the GFV and conduct a Right of Visit boarding.

The crew of the helicopter observed the crew of the GFV jettisoning bales. The GFV refused to stop causing the crew of the helicopter to employ warning shots to make the GFV stop. Following the warning shots, the GFV went dead in the water. When the USCG boarding team arrived alongside the GFV, all three individuals on board refused to identify themselves as the

master or person in charge. All three refused to make a claim of nationality for the vessel. Consequently, the vessel was treated as a vessel without nationality and, therefore, subject to the jurisdiction of the United States. A full law enforcement boarding followed.

The three individuals on board identified themselves as Yorkey Bernardo De La Cruz-Feliz, Christian Andres Murillo and Andres Pereyra.

A search of the debris field yielded a total of twelve (12) bales. The contents of the bales were field tested and tested positive for the presence of cocaine with an approximate weight of 360 kilograms of cocaine. Ion scans were done on all three individuals' hands which gave a positive result for cocaine.

MARKENZY LAPOINTE
UNITED STATES ATTORNEY

Date: 2 July 2024   By: _____
                        YVONNE RODRIGUEZ-SCHACK
                        ASSISTANT UNITED STATES ATTORNEY

Date: 7/2/24   By: _____
                    YORKEY BERNARDO DE LA CRUZ-FELIZ
                    DEFENDANT

Date: 7/2/24   By: _____
                    MARISA TANEY
                    ATTORNEY FOR DEFENDANT

2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-20426-CR-BECERRA

UNITED STATES OF AMERICA,

vs.

CHRISTIAN ANDRES MURILLO,

Defendant.
_____/

### STIPULATED FACTUAL PROFFER

Should this case have proceeded to trial, the United States would be able to prove the following beyond a reasonable doubt:

On or about October 22, 2023, a Maritime Patrol Aircraft ("MPA") detected a go-fast vessel (GFV) approximately 222 nautical miles Southwest of Santo Domingo, Dominican Republic. The GFV had three individuals on board, displayed no indicia of nationality, and was travelling in a known drug trafficking area. The USS FARRAGUT, which was in the area, was diverted to interdict and investigate. The United States Coast Guard assumed tactical control of the FARRAGUT. FARRAGUT launched their rigid hull inflatable boat and helicopter to approach the GFV and conduct a Right of Visit boarding.

The crew of the helicopter observed the crew of the GFV jettisoning bales. The GFV refused to stop causing the crew of the helicopter to employ warning shots to make the GFV stop. Following the warning shots, the GFV went dead in the water. When the USCG boarding team arrived alongside the GFV, all three individuals on board refused to identify themselves as the master or person in charge. All three refused to make a claim of nationality for the vessel.

Consequently, the vessel was treated as a vessel without nationality and, therefore, subject to the jurisdiction of the United States. A full law enforcement boarding followed.

The three individuals on board identified themselves as Yorkey Bernardo De La Cruz-Felix, Christian Andres Murillo and Andres Pereyra.

A search of the debris field yielded a total of twelve (12) bales. The contents of the bales were field tested and tested positive for the presence of cocaine with an approximate weight of 360 kilograms of cocaine. Ion scans were done on all three individuals' hands which gave a positive result for cocaine.

MARKENZY LAPOINTE
UNITED STATES ATTORNEY

Date: July 2, 2024

By: _____
YVONNE RODRIGUEZ-SCHACK
ASSISTANT UNITED STATES ATTORNEY

Date: 7.2.24

By: _____
CHRISTIAN ANDRES MURILLO
DEFENDANT

Date: 7/2/24

By: _____
MARCOS BEATON, JR.
ATTORNEY FOR DEFENDANT

2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-20426-CR-BECERRA

UNITED STATES OF AMERICA,

vs.

ANDRES PEREYRA,

    Defendant.

_____/

## STIPULATED FACTUAL PROFFER

  Should this case have proceeded to trial, the United States would be able to prove the following beyond a reasonable doubt:

  On or about October 22, 2023, a Maritime Patrol Aircraft ("MPA") detected a go-fast vessel (GFV) approximately 222 nautical miles Southwest of Santo Domingo, Dominican Republic. The GFV had three individuals on board, displayed no indicia of nationality, and was travelling in a known drug trafficking area. The USS FARRAGUT, which was in the area, was diverted to interdict and investigate. The United States Coast Guard assumed tactical control of the FARRAGUT. FARRAGUT launched their rigid hull inflatable boat and helicopter to approach the GFV and conduct a Right of Visit boarding.

  The crew of the helicopter observed the crew of the GFV jettisoning bales. The GFV refused to stop causing the crew of the helicopter to employ warning shots to make the GFV stop. Following the warning shots, the GFV went dead in the water. When the USCG boarding team arrived alongside the GFV, all three individuals on board refused to identify themselves as the master or person in charge. All three refused to make a claim of nationality for the vessel.

Consequently, the vessel was treated as a vessel without nationality and, therefore, subject to the jurisdiction of the United States. A full law enforcement boarding followed.

The three individuals on board identified themselves as Yorkey Bernardo De La Cruz-Felix, Christian Andres Murillo and Andres Pereyra.

A search of the debris field yielded a total of twelve (12) bales. The contents of the bales were field tested and tested positive for the presence of cocaine with an approximate weight of 360 kilograms of cocaine. Ion scans were done on all three individuals' hands which gave a positive result for cocaine.

MARKENZY LAPOINTE
UNITED STATES ATTORNEY

Date: July 2, 2024                  By: _____
                                         YVONNE RODRIGUEZ-SCHACK
                                         ASSISTANT UNITED STATES ATTORNEY

Date: 7-2-24                        By: _____
                                         ANDRES PEREYRA
                                         DEFENDANT

Date: 7/2/24                        By: _____
                                         FRANK QUINTERO
                                         ATTORNEY FOR DEFENDANT

2